# SUPREME COURT OF THE UNITED STATES

## KENNETH LAMONT SANDERS *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 20–6400.   Decided June 1, 2021

The petition for a writ of certiorari is granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eighth Circuit for further consideration in light of *Caniglia* v. *Strom*, 593 U. S. ___ (2021).

JUSTICE KAVANAUGH, concurring in the decision to grant, vacate, and remand.

In this Fourth Amendment case, the Eighth Circuit relied on the "community caretaking" doctrine to uphold the warrantless entry into a home. This Court's recent decision in *Caniglia* v. *Strom*, *ante,* p. ___, rejected that doctrine as applied to homes. I therefore concur in the Court's decision to grant, vacate, and remand to the Eighth Circuit in light of *Caniglia*. As I will explain, however, the Eighth Circuit on remand may still consider whether to uphold the entry under this Court's longstanding precedents allowing officers to enter a home without a warrant when officers reasonably believe that an occupant is threatened with serious injury. See, *e.g., Caniglia*, *ante,* at 1 (ROBERTS, C. J., concurring); *Brigham City* v. *Stuart*, 547 U. S. 398 (2006).

\*     \*     \*

This case arises out of a domestic disturbance that occurred in Dubuque, Iowa. On February 16, 2018, 11-year-old N. R. called her grandmother and said that N. R.'s mother, Karina LaFrancois, and Karina's boyfriend, Kenneth Sanders, were "'fighting really bad'" and "'they need[ed] someone to come.'" 956 F. 3d 534, 537 (CA8 2020). The grandmother called 911 and relayed that information

to the operator.  The grandmother also told the operator that two other small children were in the home.

When the Dubuque police officers arrived at Karina's home shortly thereafter, one officer saw N. R. through an upstairs window "'acting excited'" and gesturing. *Ibid.*  Karina then came out of the home to talk to the officers.  Karina had red marks on her face and neck and appeared visibly upset.  The officers asked to speak with her boyfriend Sanders, and Karina responded that she would have Sanders come outside.  When Karina opened the door to get Sanders, the officers heard a child crying inside.  At that point, the officers entered the home.  They found Sanders just inside the door and an infant in a nearby playpen.  They then went upstairs and located N. R., who informed them that there was a gun downstairs and that she had heard Karina yelling, "'Put the gun down!  Put the gun down!'" *Id.,* at 538.  N. R. also told the officers that she had heard what she thought was Sanders choking Karina.  The officers then spoke with Karina, who told them that Sanders had a gun and that it could be in a couch on the first floor.  The officers found the gun in the couch.

Sanders later conditionally pled guilty in federal court to the federal offense of unlawfully possessing a firearm, preserving his right to appeal with respect to the officers' warrantless entry into Karina's home.

On appeal, the Eighth Circuit held that the officers' entry was reasonable under the Fourth Amendment.  The court relied on Circuit precedent recognizing a "community caretaking" doctrine that justified certain warrantless entries into the home.  The court explained that the officers "reasonably believed an emergency situation existed that required their immediate attention in the form of entering" Karina's "home to ensure that no one inside was injured or in danger." *Id.,* at 539.

The Court today vacates and remands the Eighth Circuit's judgment in light of *Caniglia.*  In *Caniglia,* the Court

held that there is no standalone "community caretaking" doctrine that allows warrantless entries into the home. See *ante,* at 4. Because the Eighth Circuit relied on just such a standalone "community caretaking" doctrine, today's decision to vacate and remand for reconsideration in light of *Caniglia* is appropriate.

To be clear, however, the fact that the Eighth Circuit used a now-erroneous label does not mean that the Eighth Circuit reached the wrong result. *Caniglia* did not disturb this Court's longstanding precedents that allow warrantless entries into a home in certain circumstances. See *ante,* at 1 (ROBERTS, C. J., concurring). Of particular relevance here, the Court has long said that police officers may enter a home without a warrant if they have an "objectively reasonable basis for believing that an occupant" is "seriously injured or threatened with such injury." *Brigham City*, 547 U. S., at 400, 403. On remand, the Eighth Circuit will be able to consider precedents such as *Brigham City*.

With those comments, I concur in the Court's decision to grant, vacate, and remand.